## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WESTERN VALUES PROJECT,<br>704C East 13th Street, Suite 568<br>Whitefish, MT 59937 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 20-594 |
| U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240 | ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT

1.      Plaintiff Western Values Project brings this action against the U.S. Department of

the Interior under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions

of the FOIA, Western Values Project is deemed to have exhausted its administrative remedies

pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.       Plaintiff Western Values Project (WVP) is a nonprofit, public interest organization that gives voice to Western values in the national conversation about resource development and public  lands conservation. WVP uses the information it gathers as well as its analysis of it, to educate the public through reports, press releases, or other media. WVP also makes the material it gathers available on its public website.

6.       Defendant U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of the records that WVP seeks.

## STATEMENT OF FACTS

*Phone Logs FOIA*

1.       On June 7, 2019, WVP submitted a FOIA request to DOI seeking:

> access to and copies of all phone call logs for Secretary David Bernhardt
> from August 1, 2017 through the day this FOIA is fulfilled. This
> should include phone logs for all landline and cell phones used by David
> Bernhardt that are maintained or owned by the Department of the Interior,
> and should include but not be limited to the logs for the phone
> (202) 701-7456.

2.       By letter dated June 10, 2019, DOI acknowledged receipt of WVP's FOIA request and assigned the request tracking number OS-2019-00939.

3.       WVP has received no further communication from DOI regarding the processing of its FOIA request.

2

*Confirmation Communications FOIA*

4.      On June 21, 2019, WVP submitted a FOIA request to DOI seeking:

>   all text messages, telephone messages, voicemail messages, and other
>   phone records or logs from then-Acting Secretary of the Interior David
>   Bernhardt's government-issued cell phone and office phone line, received
>   or placed on April 11, 2019.

5.      By letter dated June 21, 2019, DOI acknowledged receipt of WVP's FOIA request

and assigned the request tracking number OS-2019-00998.

6.      WVP has received no further communication from DOI regarding the processing

of its FOIA request.

*Personal Email FOIA*

7.      On August 9, 2019, WVP submitted a FOIA request to DOI seeking:

>   access to and copies of all correspondence sent since January 19, 2017,
>   between any "ios.doi.gov" Department of Interior email address and any
>   personal email account used or operated by Secretary David Bernhardt
>   (including, but not limited to, dbernhardt39@gmail.com or
>   dbernhardt@bhfs.com).

8.      To WVP's knowledge, DOI has not assigned a tracking number to this request.

9.      WVP has received no communication from DOI regarding the processing of its

FOIA request.

*September 2019 Emails FOIA*

10.     On September 13, 2019, WVP submitted a FOIA request to DOI seeking:

>   access to and copies of all emails sent by Secretary David Bernhardt (this
>   search should include but not be limited to all emails sent by the email
>   addresses dwbernhardt@ios.doi.gov, david_bernhardt@ios.doi.gov, and
>   david_bernhardt@ios.doi.gov) from September 1, 2019 through September
>   10, 2019.

11.     By letter dated September 23, 2019, DOI acknowledged receipt of WVP's FOIA

request and assigned the request tracking number OS-2019-01308.

12.     WVP has received no further communication from DOI regarding the processing of its FOIA request.

*Google Docs FOIA*

13.     On September 13, 2019, WVP submitted a FOIA request to DOI seeking:

> access to and a copy of a list of all document shared with Secretary David Bernhardt (this search should include but not be limited to all documents shared with the email addresses dwbernhardt@ios.doi.gov, david_bernhardt@ios.doi.gov, and david_bernhardt@ios.doi.gov) on the Department of Interior's Google Drive/BisonConnect platform from June 1, 2019 through September 13, 2019, including but not limited to all Google Docs, Google Sheets, Google Slides, and Google Forms, as well as any other files shared with the Secretary.

14.     By letter dated September 23, 2019, DOI acknowledged receipt of WVP's FOIA request and assigned the request tracking number OS-2019-01306.

15.     WVP has received no further communication from DOI regarding the processing of its FOIA request.

*Concur FOIA*

16.     On September 27, 2019, WVP submitted a FOIA request to DOI seeking:

> access to and copies of all ConcurGov vouchers, receipts, or reports processed between January 1, 2019 and June 30, 2019 submitted by or for the following officials: Secretary David Bernhardt, Chief of Staff Todd Willens, Deputy Chief of Staff Kate MacGregor, Senior Counsel James Voyles, Senior Advisor Rick May, Senior Advisor Stephen Wackowski, Special Assistant Lacey Smethers, Special Assistant Nick Davis, Associate Deputy Secretary James Cason, Counselor Christopher Prandoni, and Advisor Matt Dermody.

17.     By letter dated October 28, 2019, DOI acknowledged receipt of WVP's FOIA request and assigned the request tracking number OS-2019-01355.

18.     WVP has received no further communication from DOI regarding the processing of its FOIA request.

*Text Messages FOIA*

19.     On October 4, 2019, WVP submitted a FOIA request to DOI seeking:

> access to and copies of all text messages sent by Secretary David Bernhardt
> from July 1, 2017 through the date this search is completed. This should
> include, but not be limited to, all text messages sent from the cell numbers
> 202-570-5029 and 202-701-7456.

20.     By letter dated October 28, 2019, DOI acknowledged receipt of WVP's FOIA

request and assigned the request tracking number OS-2020-00011.

21.     WVP has received no further communication from DOI regarding the processing

of its FOIA request.

*Exhaustion of Administrative Remedies*

22.     As of the date of this Complaint, DOI has failed to (a) notify WVP of any

determination regarding its FOIA requests, including the scope of any responsive records DOI

intends to produce or withhold and the reasons for any withholdings; or (b) produce the

requested records or demonstrate that the requested records are lawfully exempt from

production.

23.     Through DOI's failure to respond to WVP's FOIA request within the time period

required by law, WVP has constructively exhausted its administrative remedies and seeks

immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

24.     WVP repeats the allegations in the foregoing paragraphs and incorporates them as

though fully set forth herein.

25.     WVP properly requested records within the possession, custody, and control of

DOI.

26.     DOI is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

27.     DOI has failed to promptly review agency records for the purpose of locating those records that are responsive to WVP's FOIA requests.

28.     DOI's failure to conduct adequate searches for responsive records violates FOIA and DOI regulations.

29.     Plaintiff WVP is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to WVP's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30.     WVP repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31.     WVP properly requested records within the possession, custody, and control of DOI.

32.     DOI is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

33.     DOI is wrongfully withholding non-exempt agency records requested by WVP by failing to produce non-exempt records responsive to its FOIA requests.

34.     DOI is wrongfully withholding non-exempt agency records requested by WVP by failing to segregate exempt information in otherwise non-exempt records responsive to WVP's FOIA requests.

35.     DOI's failure to provide all non-exempt responsive records violates FOIA and DOI regulations.

36.     Plaintiff WVP is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, WVP respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to WVP's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to WVP's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to WVP's FOIA requests;

(4) Award WVP the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant WVP such other relief as the Court deems just and proper.

Dated: February 28, 2020                    Respectfully submitted,

                                            */s/ Hart W. Wood*
                                            Hart W. Wood
                                            D.C. Bar No. 1034361
                                            AMERICAN OVERSIGHT
                                            1030 15th Street NW, B255
                                            Washington, DC 20005
                                            (202) 873-1743
                                            hart.wood@americanoversight.org

                                            *Counsel for Western Values Project*